UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 09-233-GWU


JAMES C. DAWS,                                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                 DEFENDANT.


## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI).  The appeal is currently before the court on cross-motions

for summary judgment.


## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.     Is the claimant currently engaged in substantial gainful activity?
       If so, the claimant is not disabled and the claim is denied.

2.     If the claimant is not currently engaged in substantial gainful
       activity, does he have any "severe" impairment or combination
       of impairments--i.e., any impairments significantly limiting his
       physical or mental ability to do basic work activities?  If not, a
       finding of non-disability is made and the claim is denied.

3.     The third step requires the Commissioner to determine
       whether the claimant's severe impairment(s) or combination of

1

impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

<u>Duncan v. Secretary of Health and Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  <u>Harris v. Secretary of Health and Human Services</u>, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  <u>Id.</u>  Accord, <u>Johnson v. Secretary of Health and Human Services</u>, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  <u>Gooch v. Secretary of Health and Human Services</u>, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, <u>Hale v. Secretary of Health and Human Services</u>, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting

most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The plaintiff, James C. Daws, was found by an Administrative Law Judge (ALJ) to have "severe" impairments due to discogenic and degenerative disorders of the back, and major depression.  (Tr. 11).  Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Daws retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits.  (Tr. 15-19).  The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE a series of hypothetical questions.  The VE testified that there were jobs in the state and national economies for an individual of the plaintiff's age of 51, "marginal" literacy, and work experience as a machine operator, route salesman, and janitor, who was capable of "medium" level exertion with the following non-exertional restrictions:  He (1) could not crawl or climb ladders, ropes, or scaffolds; (2) could occasionally crouch, stoop, squat, and climb ramps and stairs; (3) needed to avoid concentrated exposure to vibration or vibratory equipment; (4) was limited to no more than occasional contact with any person including supervisors, coworkers, or the general public; and (5) was limited to simple, one- or two-step instructions and work

7

involving no more than occasional changes in the work setting and routine. (Tr. 45-6).

On appeal, this court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition.

One of the plaintiff's allegations was of depression and anxiety (Tr. 116) for which he was receiving treatment, including medication, at the Adanta mental health clinic (Tr. 29, 32-4). Treatment records from this source include a diagnosis of chronic major depressive disorder and "rule out" borderline intellectual functioning, although there is no specific assessment of functional capacity. (Tr. 311). The ALJ accepted restrictions from Psychologist Gary Maryman, who conducted a consultative examination on August 17, 2007. (Tr. 17). At the time, the plaintiff was still working part-time as a machine operator, but was apparently missing work frequently. (Tr. 213).[1] Among other things, Dr. Maryman noted "a fairly pervasive sense of depression about him," a somewhat low energy level, and moderate psychomotor retardation. (Tr. 214). He suspected somewhat below average intelligence. (Id.). Mr. Daws complained that he had been depressed most of his life, and had a history of alcohol consumption, although he felt that he had never actually been an alcoholic. (Tr. 215-16). He admitted to still drinking "a beer or two occasionally." (Tr. 216). Dr. Maryman listed diagnostic impressions of a moderate

---

[1]Mr. Daws testified that he was eventually fired in October, 2007 because of missing work for two or three days at a time, due to pain and depression. (Tr. 26).

dysthymic disorder, alcohol abuse (reportedly in at least partial remission) and estimated borderline intellectual functioning.  (Tr. 217).  He opined that Mr. Daws would be limited to less than complicated or sophisticated instructions, would be able to focus, concentrate, and persist at carrying out one- and two-step work assignments, would have a "fair" ability to interact with fellow workers and supervisors, but not the general public, and would likely be able to adjust and adapt reasonably well to stress and pressures in a medium to low stress work environment.  He was not a good candidate for "a more fast and high pressure work atmosphere . . . ."  (Id.).

Although the ALJ reportedly accepted the opinion of Dr. Maryman, the hypothetical factors presented to the VE did not include the need for a medium to low stress work environment and the psychologist's opinion that Mr. Daws would not be suitable for working in a fast, high pressure atmosphere.  Recently, the Sixth Circuit has found that a hypothetical question which fails to include restrictions on the speed and pace at which a claimant can work does not adequately describe his limitations.  Ealy v. Commissioner of Social Security, 594 F.3d 504, 516-17 (6th Cir. 2010).  In the present case, Dr. Maryman not only limited the plaintiff to simple, one- or two-step instructions with few changes in the work routine, as specified in the hypothetical question, he also specified that the plaintiff would need a medium to low stress work environment and not a fast, high pressure atmosphere.  It is certainly possible that a simple job with one or two steps and no frequent changes

in routine could still be fast and high pressured.   Therefore, the hypothetical question did not accurately reflect all of the plaintiff's restrictions, and a remand will be required for additional vocational testimony.

The plaintiff argues on appeal that the ALJ did not adequately consider his impairments in combination and did not make a proper credibility finding, but for reasons stated in the Commissioner's brief at pp. 6-9, these arguments are without merit.  Commissioner's Motion for Summary Judgment, Docket Entry No. 21.

The plaintiff has also submitted additional evidence to the Appeals Council. While this additional evidence is not part of the court's substantial evidence review, it can be considered along with other new evidence on remand.   Cline v. Commissioner of Social Security, 96 F.3d 146, 148-9 (6th Cir. 1996).

The decision will be remanded for further consideration.

This the 24th day of March, 2010.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**